# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:24-CR-90 |
| Plaintiff, | : | |
| | : | JUDGE JOHN R. ADAMS |
| -vs- | : | |
| | : | |
| TIFFANY L. BOYD, | : | **BOYD'S SENTENCING MEMORANDUM** |
| | : | **IN SUPPORT OF NON-CUSTODIAL** |
| Defendant. | : | **SENTENCE** |

Tiffany Boyd submits the following memorandum in support of a non-custodial sentence of probation, with the requirement that she continue to receive mental health treatment. A non-custodial sentence is sufficient based on her lack of criminal history, her mental and physical health issues, and her conduct while on bond. A custodial sentence is greater than necessary and would be significantly detrimental to Ms. Boyd's ongoing medical care and mental health treatment.

**1. Guideline Calculations**

The United States Probation Office ("USPO") calculates Ms. Boyd's advisory sentencing guideline range at 6 to 12 months, with a total offense level 10 and a criminal history category I. (R. 18: PSR, ¶ 80). This calculation differs from the plea agreement in that it applies a two-level reduction under U.S.S.G. § 4C1.1 for Ms. Boyd having zero criminal history points. (R. 18: PSR, ¶ 82). Because the parties had no agreement as to Ms. Boyd's criminal history, the reduction for having zero criminal history points was not included in the plea agreement. Counsel agrees Ms. Boyd is eligible for this reduction and asks this Court to follow the calculation as detailed in the presentence investigation report.

**2. Ms. Boyd's lack of criminal history, her mental and physical health issues, and her conduct while on bond support a non-custodial sentence.**

Tiffany Boyd has no criminal history. Her only involvement with law enforcement was a speeding ticket from 2020, which she timely paid. Because of her lack of criminal history, she is entitled to a two-level reduction in her offense level. *See* U.S.S.G. § 4C1.1. The Sentencing Commission has noted that a non-custodial sentence is generally appropriate for defendants like Ms. Boyd, who receive this reduction and whose guidelines range is in Zones A or B. *See* U.S.S.G. § 5C1.1, Application Note 10. Consistent with this application note, Ms. Boyd requests a non-custodial sentence.

Ms. Boyd's physical and mental health also support a non-custodial sentence. Ms. Boyd suffers from a litany of physical health issues and is seen by her primary care physician once a week. (R. 18: PSR, ¶ 61). The consistency of medical care is extremely important for Ms. Boyd's well-being. A custodial sentence will not only disrupt her care but will likely result in her receiving substandard care.[1] Similarly, Ms. Boyd's mental health militates against a custodial sentence. (R. 18: PSR, ¶¶ 62-68). She was first diagnosed with mental health issues as a child and granted Social Security Disability. She was hospitalized once when she was 12 years old and has worked hard to maintain stability. During her weekly visit with her doctor, she discusses her mental health and how she is feeling on the various medication she is prescribed. Ms. Boyd takes several medications to help manage her mental health and feels that those medications are helping her. She fears that

---

[1] *Lawmakers push for federal prison oversight after reports of inadequate medical care*. NPR, All Things Considered. December 12, 2023. Available here https://www.npr.org/2023/12/12/1218627629/lawmakers-push-for-federal-prison-oversight-after-reports-of-inadequate-medical-#:~:text=Hourly%20News-,Senators%20push%20Bureau%20of%20Prisons%20to%20address%20reports%20of%20inadequate,going%20without%20needed%20medical%20care.

her mental health will decline if there is a disruption in her medication and a custodial sentence will likely cause at least a temporary lapse in her medications. If the Court imposes a custodial sentence, the Bureau of Prisons will likely stop her medications until she can be evaluated by a doctor in the prison. Moreover, the BOP will only prescribe certain medications, regardless of the medications the defendant has been receiving in the community. If the medications are changed, it may take some time to get the dosage correct. In sum, a custodial sentence will likely have a significant and negative impact on Ms. Boyd's physical and mental health.

Ms. Boyd was raised in poverty and has continued to struggle financially throughout her adult life. She was using the disability income to help make ends meet for her family. Although she recognizes that she was wrong in her actions, she asks this Court to understand that her conduct was not driven by greed or disrespect for the law. Ms. Boyd was simply trying to help support her and her family. Ms. Boyd is not a recidivism risk. She is 43 years old and has never been in trouble with the law before. She has been on bond pending a resolution of this case and has been compliant with all of the terms and conditions of her release, including actively participating in mental health treatment.

After weighing all of the § 3553(a) factors, a non-custodial sentence of probation is sufficient. Any custodial sentence would be greater than necessary. Ms. Boyd requests this Court impose a non-custodial sentence of probation, with the requirement that she continue to receive mental health treatment.

                                                Respectfully submitted,

                                                STEPHEN C. NEWMAN
                                                Federal Public Defender
                                                Ohio Bar: 0051928

/s/ *JACQUELINE A. JOHNSON*
JACQUELINE A. JOHNSON
First Assistant
Federal Public Defender
Ohio Bar: 0025606
1660 West Second Street, Suite 750
Cleveland, Ohio 44113
(216) 522-4856 (o); (216) 522-4321 (f)
(jacqueline_johnson@fd.org)